THE AMERICAN INSURANCE COMPANY

*v.*

OLIVER P. FOSTER.

INSURANCE—*premises left vacant in violation of condition in policy.* Where a policy of insurance contained a condition that if the house insured should "become vacant and unoccupied," without the consent of the secretary of the company indorsed on the policy, the same should become void, and the house did become vacant several months before the loss, and so remained vacant until it was destroyed by fire, no consent thereto being entered on the policy, it was held the house was vacant and unoccupied in violation of the condition, and the assured could not recover.

APPEAL from the City Court of the City of Alton; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. J. M. BAILEY, for the appellant.

Mr. JOHN J. BRENHOLT, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that on the 21st day of November, 1871, appellant issued a policy of insurance against loss or damage by fire and lightning, to the amount of $265, for a period of five

years from its date—on appellee's school-house, for $225, and on school furniture therein, $40. The house was destroyed by fire on the 14th day of October, 1876, and this suit is brought to recover the insurance on the building.

The case was submitted to the court below and tried without a jury, by consent of the parties, upon an agreed state of facts. The court held the company liable, and rendered judgment against it for $225 and costs. To reverse that decision the company appeals, and brings the record to this court, and assigns the rendition of the judgment as error.

The defence urged by the company was, that appellee had violated an express condition of the policy by permitting the building to remain vacant and unoccupied for several months prior to the loss, and it was so vacant at the time of the loss.

The material facts agreed to be true, and upon which the correctness of the judgment depends, are, that the condition claimed to have been violated is this:

"If the above mentioned premises, or any portion thereof, shall become vacant and unoccupied without the assent of the secretary of the company indorsed hereon, then and in such case this policy shall be void, and the assured shall not be entitled to recover from the company any loss or damage which may accrue in or to the property hereby insured, or any part or portion thereof."

The language of the stipulation relating to the occupancy of the premises is as follows:

"That the house when insured was occupied and used as a school house; that after April, 1875, no school was held in said buiding, and the school furniture was removed, and the building was then rented and used as a dwelling house. That said building was last occupied as a dwelling in April, 1876, and from then until destroyed by fire the house remained vacant and unoccupied."

It was further stipulated: "That the assent of the secretary of the company is not indorsed on the policy sued on, as required under the above condition of the policy."

These policies are contracts between the parties, and in them they may insert any and all conditions and stipulations they choose, unless prohibited by statute or considerations of public policy. There is no statute prohibiting the insertion of such a condition into a contract of insurance, nor do we perceive any reason, nor has any been suggested, why such a condition contravenes public policy. The parties being able to contract, and such an agreement not being illegal, the parties must be bound by it as they have made it.

In this condition there is nothing ambiguous, but on the contrary the agreement is plain, and would be read and understood alike by all persons. Every person reading it would understand that if the house became and remained vacant and unoccupied without the consent of the secretary of the company, the policy would become void, and the owner could not recover for loss that might be sustained when thus vacant. All would so understand it, because it says so in language that could not be made plainer. This language can not be construed to mean the building might be vacant for months. It might be perverted from the plain meaning of the words and the grammatical sense in which they are used, but they will not bear such a construction. If the building had been vacant after the policy was issued, and was again occupied previous to the loss, a different question might have been presented, but that question is not before us, and is not, therefore, discussed.

It is, however, contended, that as the building was insured as a school house and the company knew it was to be so used, it may be inferred that it was intended to be vacant and unoccupied as common public school houses usually are in vacation; that all know that the common school houses of the country are not continuously occupied, and it must be inferred that occupancy of that character was intended.

If such had been the intention of the parties they would, no doubt, have so written the condition. And the bare reading of the language repels such an inference. The language

requires a continuous and uninterrupted occupancy, at least of the character usual to houses occupied for schools. It may be, and probably is true, that there being no person in the building of nights and Saturdays and Sundays would not amount to a breach of the condition and avoid the policy, as such is the usual manner of occupying school houses. But the most strained construction can not go beyond that, so as to hold that it need ·not be occupied as a school or as a residence for several months. To so hold would be a perversion of the language the parties have employed to express their meaning.

The breach of the condition is clear and stands admitted. It avoided the policy, and precluded the assured, in terms, from a recovery, and the court below erred in rendering judgment for the amount of the policy on the building. The breach of the condition precluded all recovery, and the judgment of the court below must be reversed.

*Judgment reversed.* ·