THE GERMANIA FIRE INSURANCE COMPANY OF NEW YORK

v.

EMIL KLEWER.

*Fire Insurance—Other Insurance—Vacancy—Waiver—Agency—Evidence—Instructions.*

1.    Where the agent of an insurance company knew that a house was vacant when it was insured, the company can not claim a forfeiture under the clause providing that the policy should be void in case of vacancy.

2.    An insurance policy providing against other insurance is not affected by a former policy which has become void by reason of the vacancy of the premises.

[Opinion filed December 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

On August 20, 1882, appellee procured from the Agricultural Insurance Company a policy of insurance for three years, insuring him against loss or damage by fire to the extent of $500 on his frame house at Norwood Park, Illinois, and $500 on his furniture therein, such policy containing a clause prohibiting other insurance, valid or invalid.    Dunlap & Swift had,

prior to that time, sold the house and lot to appellee and received from him a mortgage or trust deed thereon to secure a part of the purchase money.

On May 19, 1883, a policy for $1,000, was issued by the Hartford Fire Insurance Company to appellee, on the application of Dunlap & Swift, insuring him for three years against loss or damage by fire on the house, a clause in said policy declaring the same void in case of other insurance, or the vacancy of the house for ten days without written consent indorsed on the policy. This policy was delivered to Dunlap & Swift and no part of the amount named therein has ever been paid to appellee.

The premium for the latter policy was paid to Dunlap & Swift by appellee, he, at that time, authorizing them to procure the policy on their interest, as mortgagees, in the property. He never saw the policy, nor was he informed that it covered his interest, or designated him as the insured party, until after the building was burned.

On August 22, 1885, appellant issued its policy insuring appellee against loss or damage by fire for three years to the extent of $500 on said house and $500 on the furniture, providing therein that it should be void in case of other insurance. From August 20, 1882, until the latter part of September, 1885, the house was occupied as a dwelling by appellee, but he vacated the same some time in the last named month, with no intent of returning, and the same remained vacant from that date until destroyed by fire. On October 16, 1885, appellee procured the cancellation of the policy dated August 22, 1885, and appellant at the same time issued to appellee another policy for $1,000 on the house alone, for a term commencing October 16, 1885, and ending August 22, 1888, providing therein that the policy should be void in case of other insurance or vacancy of the house.

When appellant's last policy was issued, its agent was informed by appellee that the house was vacant, but no consent was given by any of the companies by indorsement on any of the policies, to other insurance or vacancy of the house. The premises were about wholly destroyed by fire on November

15, 1885, and this suit was brought by appellee on the policy dated October 16, 1888.

The defense was (1) other insurance, (2) vacancy, (3) the alleged burning of the building by plaintiff.

There was a verdict and judgment for appellee from which this appeal is taken.

Messrs. Harry Rubens and Robins S. Mott, for appellant.

The policy of insurance issued by the Hartford Insurance Company was invalid during the existence of the prior policy in the Agricultural Company, but the Agricultural policy remained valid. Jackson v. Mass. Mutual Fire Ins. Co., 23 Pick. 418; Clark v. New England Mutual Fire Ins. Co., 6 Cush. 342; Hardy v. Union Mutual Fire Ins. Co., 4 Allen, 217; Gale v. Belknap County Ins. Co., 41 N. H. 170; Gee v. Cheshire County Mutual Fire Ins. Co., 55 N. H. 65.

Upon the expiration of the period covered by the Agricultural policy, to wit, August 20, 1885, the Hartford policy attached and was valid insurance from that date. N. E. Fire & M. Ins. Co. v. Schettler, 38 Ill. 166; Obermeyer v. Globe Mut. Ins. Co., 43 Mo. 573.

For able reviews of this question and the authorities, see Hubbard & Spencer· v The Hartford F. Ins. Co., 33 Iowa, 326; Gee v. Cheshire Mut. Fire Ins. Co., 55 N. H. 65 ; Sutherland v. Old Dominion Ins., 31 Va. 176. See also, Knight v. Eureka Ins. Co., 26 Ohio St 664; Stacey v. Franklin F. Ins. Co., 2 Watts & S. 506; Philbrook v. N. E. Mut. F. Ins. Co., 37 Me. 137, Schenck v. Mercer Mut. F. Ins. Co., 4 Zabr. (N. J ) 447; Rising Sun Ins. Co. v. Slaughter, 20 Ind. 520; Thomas et al. v. Builders M. F. Ins. Co., 119 Mass. 121.

The first policy is not affected by a mere futile attempt to procure other insurance.

It is admitted that the premises were vacant from September, 1885, until the fire in November following; this increased the risk and was contrary to the terms of the policy, there being no written consent of the company thereto, and appellee can not recover. American Ins. Co. v. Padfield, 78 Ill. 167; Phœnix Ins. Co. v. Tucker, 92 Ill. 64; Agricultural Ins. Co. v. Frith, 21 Ill. App. 593; American Ins. Co. v. Foster, 92 Ill. 334.

And even though the agent of the company knew of such vacancy at the time of the issuance of the policy, yet the policy did not attach, but if the premises had afterward become occupied it would have been in force.    Ins. Co. of N. Am. v. Garland, 108 Ill. 220.

Mr. H. W. DIKEMAN, for appellee.

GARNETT, P. J.    Appellant claims that the Hartford policy was not a valid insurance until the expiration of the term of the first policy issued by the Agricultural Insurance Company, that is, on the 21st day of August, 1885, but that it became operative on the last named date, and so remained until after the issue of the policy sued on.    If that be so, we are not informed how the liability of the Hartford Company was continued more than ten days after the house became vacant.

Its policy provided that the insurance should be void if the house became vacant and so remained for ten days, and the proof is uncontradicted that the house was vacant and unoccupied for more than ten days before the policy sued on was issued.

That being the fact there was no other insurance on the premises on October 16, 1885.    American Ins. Co. v. Padfield, 73 Ill. 167; Phœnix Ins. Co. v. Tucker, 92 Ill. 64; American, Ins. Co. v. Foster, 92 Ill. 334.

The vacancy of the building, however, is no defense for appellant.    When the policy sued on was issued, the house was unoccupied, and had been in that condition for several weeks.    Of this appellant's agent had full notice when the policy in question was issued.    No objection was then made to the vacancy, nor did appellee promise to have the house occupied.    The injustice of permitting appellant to now deny its liability on that ground is apparent.    To deliver a policy with full knowledge of the facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud.    This the courts will neither aid nor presume, but prefer to find there was an intent to waive the known ground of avoidance.    May on Insurance 497.    A review of the evidence, for the purpose of refuting

the proposition that the appellee burned the building, would not be, under existing circumstances, a suitable employment of the time of this court. It is sufficient to say that the question was fairly submitted to the jury, and we think their finding for appellee is supported by the evidence; and it meets with our approval.

There was no error in the instructions given for the plain'-iff, or in the modification of those requested by the defendant.

No wrong has been suffered by appellant, nor is there in the record any technical departure from the approved rules. The judgment is affirmed.

*Judgment affirmed.*