ELIJAH H. GAMMON

*v.*

JESSE HUSE.

*Filed at Ottawa September 26, 1881.*

1. PRACTICE—*finding of facts by Appellate Court.* The statute does not authorize the Appellate Court to incorporate into the record any special finding of facts, except in cases where the same is different, in part at least, from the finding in the trial court.

2. SAME—*when general finding must prevail.* A general finding by the Appellate Court, that "the evidence supports the verdict," must stand, unless there be some special finding inconsistent with it.

3. PARTNERSHIP—*liability of a retiring partner for debts subsequently contracted.* Where a partner on a sale of his interest suffers his name to remain as a member of the firm, taking an agreement from the purchaser to pay all the indebtedness of the firm, whether contracted in the past or to be contracted in the future, he will be bound by a note given by a partner in the old firm name to one without notice of any actual change in the firm.

4. NOTICE—*of partner's defect of power through agent.* Where partnership articles provided that A should not give the firm note without the consent of B, another partner, which provision had been habitually disregarded, without objection, for about two years before the giving of a firm note by A for money loaned to the firm, the fact that C, another partner, acted as the agent of the lender, is not sufficient to charge the latter with notice of such provision, without any proof that it was present in the mind of C while so acting as agent.

5. SAME—*when notice to agent applies to principal.* It seems doubtful whether notice to an agent of one loaning money and taking a firm note, who is also one of the borrowers and makers of the note, will be notice to the principal.

6. PAROL EVIDENCE—*of agreement at the time of making written contract.* Parol testimony that at the time of the execution of a written agreement for the sale of a partner's interest in a partnership, he agreed to let his

name remain as a member of the firm, is admissible in a suit by a third person seeking to charge him as a partner. Such evidence does not vary the terms or conditions of the written contract, and such agreement is not in any proper sense a part of it.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is assumpsit, brought by appellee against appellant, Gammon, and three others, Orvis, Cutler and Obadiah Huse, as partners, under the style or firm name of "F. K. Orvis & Co.," upon a promissory note, payable to the order of Mary J. K. Huse, for the sum of $1200, one year after date, with interest at ten per cent from date, dated December 1, 1870, and signed by the firm name of F. K. Orvis & Co., with allegation that appellee was, at the bringing of the action, the assignee of the note. Appellant, Gammon, alone made defence. He, by his pleas verified by affidavit, denied the execution of the note, denied the alleged joint liability, and denied that he was a member of the firm at the time when the note was made. There was a trial by jury of the issues, resulting in a verdict against appellant. A motion for a new trial was overruled, and judgment was given for the plaintiff. This judgment, on appeal to the Appellate Court, was affirmed, and from that judgment of affirmance Gammon appeals to this court.

The record shows that the Appellate Court finds that the four defendants entered into a copartnership September 1, 1869, which copartnership was not dissolved until May 31, 1871; that the note sued on was made by said firm at the day of its date; that upon the trial of the cause there was introduced in evidence the following agreement:

"This agreement, made and entered into this 4th day of April, 1870, between E. H. Gammon, of Chicago, State of Illinois, and Obadiah Huse, of the county of Cook and State of Illinois;

"Witnesseth: That the said E. H. Gammon, in consideration of $1 to him in hand paid by the said Obadiah Huse, the receipt whereof is hereby acknowledged, and other considerations named below, has granted, bargained and sold, and by these presents does grant, bargain and sell, unto the said Obadiah Huse, all of his interest in the firm of F. K. Orvis & Co., including stock in trade, tools, fixtures, machinery, all indebtedness to said firm, whether in accounts or notes, the true intent and meaning being to include all the assets of the said firm whatsoever; and the said Obadiah Huse, in consideration of the above, hereby agrees, for himself, his heirs, his administrators and his assigns, to pay all the indebtedness of the said firm of F. K. Orvis & Co., for which the said E. H. Gammon is or may be lawfully holden, whether such indebtedness may have been contracted in the past or may be contracted in the future, and protect the said E. H. Gammon harmless from all and every claim against the said firm, or that may ever be against the said firm, as much as if the said E. H. Gammon had never been a member thereof.

"In witness whereof we hereby set our hands, the day and year above named.

E. H. GAMMON,<br>OBADIAH HUSE."

That the said agreement was executed by Elijah H. Gammon and Obadiah Huse about its date; that at or about the same time Gammon agreed to allow his name to remain in the firm to give it credit, and that his name did remain in the firm until its dissolution; that the note was given to Mary J. K. Huse for money belonging to her in her own right, and that said money was loaned to the firm of F. K. Orvis & Co. by her, through Obadiah Huse, who, in the making of said loan, acted for her and as her agent, but that there is no evidence that Mary J. K. Huse had actual or personal knowledge of any of the agreements in reference

to Gammon's interest in the firm of F. K. Orvis & Co.; that the note was transferred by the payee after its maturity, and that the evidence sustains the verdict.

Messrs. ELLIS & MEEK, and Mr. O. H. HORTON, for the appellant:

The finding of the Appellate Court is conclusive as to all questions of fact. *Gravett* v. *Davis,* 92 Ill. 190.

Had no certificate been filed by the Appellate Court, then this court would presume that the facts found by the Appellate Court sustained the verdict. *Brownell et al.* v. *Welch,* 91 Ill. 523. But when the Appellate Court files its certificate of facts, there is no ground for the presumption.

By the partnership contract Orvis was to give no firm note without the consent of the appellant. The allowing his name to remain as one of the firm, was subject to all the provisions and conditions of the partnership articles.

Mrs. Huse, the payee of the note, loaned the money through O. Huse, her husband, as her agent. O. Huse being a party to all of these contracts, had full knowledge of them, and so the payee of the note, for whom he acted as agent, had like knowledge. *Bryan* v. *Price,* Breese, 59; *Williams* v. *Brower,* 14 Ill. 201; *Page et al.* v. *Brace,* 18 id. 39.

Under the pleadings in the case the burden of proof was thrown upon the appellee to establish the liability of the appellant, and to establish that liability the appellee, having notice of the conditions of the partnership articles, must have shown Gammon's assent to the execution of this note, as it was signed in the firm name by Orvis.

The partnership was strictly at will, no time being designated for its continuance. 1 Collyer on Part. 148. And the sale to Huse was a dissolution of it. Lindley's Law of Partnership, vol. 1, p. 698; Parsons on Part. 415.

There was error in allowing Huse to testify to a parol agreement made at the time of the written one for the sale

of his interest in the firm. The witness said: "I think that it was at the time of making the contract of April 4, 1870, that Gammon agreed to remain a member of the firm." The admission of the evidence was in plain violation of the rule that all antecedent or contemporaneous verbal agreements are merged in the written contract. *Lane* v. *Sharp*, 3 Scam. 573; *Abrams* v. *Ramsey et al.* 13 Ill. 137; *Mason* v. *Benton*, 54 id. 355; *Beattie* v. *Brown*, 64 id. 360.

Matter collateral may be proved, but it must not change the terms of the contract.

Messrs. ROBINSON & GREEN, for the appellee:

1. An agreement collateral to a written agreement may be proved by parol. *Lane* v. *Sharp*, 3 Scam. 573; *Herson* v. *Henderson*, 21 N. H. 224.

2. The rule of evidence that parol evidence shall not be admitted to vary or contradict a written instrument, is only applicable to controversies between the parties to the written instrument, their representatives, and those claiming under them. *Krider* v. *Lafferty*, 1 Whart. 303; *Reynolds* v. *Magness*, 2 Iredell, 26; *Edgerly* v. *Emerson*, 3 Foster, 555; *Badger* v. *Jones*, 12 Pick. 371; *Furbush* v. *Goodwin*, 25 N. H. 425.

3. Where a promissory note is made payable to a married woman since 1861, it will be presumed that the money is due to her and not to her husband. *Snider* v. *Ridgway*, 49 Ill. 522; *Tooke* v. *Newman*, 75 id. 215; *Yazel* v. *Palmer*, 81 id. 82.

4. It was competent at common law for the husband to create a separate estate for his wife out of his own property, even without the intervention of trustees. No one can impeach the transaction or inquire into its propriety, unless he was a creditor at the time. *Gill* v. *Woods*, 81 Ill. 64; *Yazel* v. *Palmer*, 81 id. 82.

5. A party is liable on a promissory note made in the name of the firm in which he has been a partner, though it

was drawn after he sold out his interest in the firm, if he consents that his name shall continue in the firm, although the payee knew these facts at the time he took the note. *Brown* v. *Leonard,* 2 Chitty, 119 ; *Fisher* v. *Bowles,* 20 Ill. 396.

6. Private arrangements between partners do not affect parties without notice. *Winship* v. *Bank of United States,* 5 Pet. 529 ; *Whitaker* v. *Brown,* 16 Wend. 504.

7. In order to visit a principal with constructive notice of a fact, it is necessary that such knowledge should have been gained by the agent in the course of the same transaction. *Hiever* v. *Neill,* 13 Ves. 120 ; *Bracken* v. *Miller,* 4 Watts & Serg. 102 ; *Williams* v. *Tatnall,* 29 Ill. 564 ; *McCormick* v. *Wheeler,* 36 id. 114 ; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.* 20 Barb. 468.

8. A partnership continues as to persons dealing with the firm, until they receive actual notice of the dissolution; as to persons not dealing with the firm, until public notice is given. *Parkin* v. *Corruthers,* 3 Esp. 248 ; *Ellis' Admrs.* v. *Bronson,* 40 Ill. 455 ; *Southern* v. *Grim,* 67 id. 106.

Mr. J̲ustice̲ D̲ickey̲ delivered the opinion of the Court:

Counsel for appellant take the position, that unless the special findings of the Appellate Court form, of themselves, a sufficient basis for the verdict, the judgment must be reversed; that the finding that "the evidence sustains the verdict," is merely an inference of law drawn by the Appellate Court from the special findings of fact which precede that finding, and thereupon attempts to show that the *special* findings are an inadequate foundation for the judgment. The statute does not authorize the Appellate Court to incorporate into the record any special finding of facts, except in cases where the same is different, in part at least, from the finding in the circuit court. Were this otherwise, we can not concur in the construction placed upon this record by counsel for appellant. The Appellate Court find, generally, that "the

evidence supports the verdict." That general finding must stand, unless there be some special finding which is incon-, sistent with the general finding. We find no such incon-sistency.

If, as found, these four men were partners at the giving. of the note, there is nothing in the contract of April 4, 1870, made between Gammon and Huse, which forbids the giving of this note so as to charge all four of the partners. The very words of that contract imply that the parties at that time contemplated that "indebtedness of said firm" would "be contracted in the future," "for which the said E. H. Gam-mon" would "be lawfully holden;" and as between the par-. ties to that contract, Huse undertook "to pay all" such "indebtedness," and "to protect said E. H. Gammon from" the same.

It is insisted, also, that this note does not bind Gammon, because the firm name was signed by Orvis, without the con-sent of Gammon; and it was provided by the original arti-cles of partnership, of September, 1868, that "Orvis is not to  *  *  *  give the firm note without the consent of E. H. Gammon." To this suggestion it is answered, that the payee of the note had no notice of this provision in that con-tract. Appellant, however, replies, that Obadiah Huse, being. a party to that contract, had notice of the same; and inas-much as he acted as the agent of the payee of the note in making the loan and accepting the note, notice to the agent, in effect, is notice to the principal.

There is evidence tending to show, and the jury have found, that for a long time before the giving of this note, in the ordinary business of the firm, that provision had been habit-ually disregarded, without objection by Gammon or any other member of the firm; and the course of business was such that it is not at all probable that this provision was borne in mind by Obadiah Huse, or thought of, at the time when the note was given and accepted. There is no proof that knowl-

edge or notice of that feature of the contract was acquired by the agent in the transaction of the business to which his agency related, or that the same was, *at that time,* really known to him, or that the same was present in the mind of the agent while performing his agency. The fact that he knew of this provision of the contract two years before the transaction, is not sufficient to charge his principal with notice of the same.

It may, perhaps, be doubted whether the same general rules as to notice to an agent can properly be applied to a case where the agent of the party to be charged with notice constitutes one of the parties with whom the party to be so charged is contracting. Obadiah Huse was not only the agent of the payee of this note, but he was one of the makers, —one of the parties with whom she contracted. Even if specific notice of this feature of the partnership contract had been given to Obadiah Huse at the time of the giving of this note, it may, perhaps, be seriously questioned whether the reasons for the rule (that notice to an agent is notice to his principal) could have any application to this case.

Nor do we think that any just ground of complaint is found in the ruling of the court in admitting testimony, that at the time of the contract of April 4, 1870, Gammon agreed to let his name remain as a member of the firm. Such proof did not vary the *terms* or conditions of the written contract. As already suggested, the proof is in harmony with the necessary implications of the written contract. It merely shows a separate concurrent contract (which may have constituted part of the consideration or inducement to the written contract), having no relation to the terms, conditions or subject matter of the written contract, and in no proper sense constituting a part of it.

Finding no error in the judgment of the Appellate Court, the same is therefore affirmed.

*Judgment affirmed.*