STEPHEN PADDON *et al.*

*v.*

THE PEOPLE'S INSURANCE COMPANY.

*Filed at Ottawa June 16, 1883.*

APPEAL—*presumption as to finding of facts.* Where there is a controversy as to a fact necessary to the plaintiff's right to recover, and the court finds for the defendant without stating any propositions of law, it will be presumed the judgment was based upon a finding of the facts against the plaintiff; and when the Appellate Court fails to recite in its judgment a finding of the facts differently from that of the trial court, the affirmance of the judgment will be taken as a finding of the facts the same way.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Messrs. PAGE & BOOTH, for the appellants.

Mr. ELBERT H. GARY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case is upon what are claimed to be insurance contracts, made by the People's Insurance Company with plaintiffs, Stephen Paddon & Co. The first count of the declaration is upon what purports to be a written contract of insurance, and the second and third counts are upon a

verbal contract. A loss is averred under both counts, with the usual formality, the making of proofs of such loss, and every other fact necessary to a recovery, if the contracts declared on are valid and binding on the company. To the declaration containing these facts the company pleaded the general issue. On the first trial the jury to whom the cause was submitted found the issues for plaintiffs, and assessed their damages at the amount of the loss proven, being for the sums named in the insurance contracts. That judgment, on the appeal of defendant, was reversed by the Appellate Court for the First District, and the cause remanded. On the second trial the court to whom the cause was submitted for trial, without the intervention of a jury, found the issues for defendant, and rendered judgment accordingly. On plaintiffs' appeal, that judgment was affirmed by the Appellate Court, and plaintiffs bring the case to this court.

Whether the insurance contracts declared on were in fact made and assented to by both parties thereto before the loss occurred, were questions of fact. It seems the trial court must have found no such contracts were proven, otherwise its decision would have been for plaintiffs. The declaration counts, in part, upon a verbal contract of insurance. It is not claimed such a contract is not as valid, if fairly and understandingly entered into, as though its terms had been reduced to writing and signed by the respective parties. There is nothing in this record that indicates the trial court based its judgment on the ground a verbal contract of insurance was not binding on the party making it. The case seems to have been tried solely on the question whether any such contracts as those mentioned in the declaration had, in fact, been entered into by the parties. Where an Appellate Court fail to recite in their judgment they found the facts differently from what they were found by the trial court, it will be understood the affirmance of the judgment implies a finding of the facts the same way.

Were it true, as counsel insist it is, the facts of this case are uncontroverted, it would then be a question of law whether, on the facts appearing from the record, plaintiffs would be entitled to recover. That question, on the authority of *Goodrich* v. *Lincoln*, 93 Ill. 360, would be open for consideration in this court, without the trial court being asked to instruct *itself* how to find as to the law of the case. But that is not the case here. The contracts declared on are alleged to have been made one day, and on the next day, or the next day but one, the loss occurred. It was a matter of contention in the trial court whether any such contracts were entered into at any time before the destruction of plaintiffs' property by fire. That, of course, is a question of fact, and it was found against the position taken by plaintiffs. No doubt the same controversy was carried on in the Appellate Court. This question of fact must have been found in the same way by it, and the findings of the latter court concerning controverted questions of fact are, of course, conclusive on this court. The evidence in this record has been examined with patient care, and it is seen there is some ground, at least, for the controversy as to the making of the insurance contracts insisted upon,—whether such contracts were made before the destruction by fire of the property claimed to have been insured under them. Enough appears to show the making of the contracts was controverted. Which way the preponderance of the evidence may have been, is a question upon which this court can express no opinion. It is sufficient it appears the making of the contracts was matter of contention between the parties, to make the finding of the Appellate Court conclusive as to the facts involved.

No error appearing that can be reviewed in this court, the judgment will be affirmed.

*Judgment affirmed.*