646:36 LRA 3

THE ROCKFORD INSURANCE COMPANY

*v.*

ELIZABETH STORIG.

*Filed at Mt. Vernon May 10, 1890.*

1. INSURANCE—*premises "vacant and unoccupied"—terms of forfeiture strictly construed.* A provision in a policy of fire insurance that if the premises insured become vacant and unoccupied without the consent of the secretary of the company, in writing, the policy shall become void, is inserted for the benefit of the insurance company, and therefore when a forfeiture of the policy is sought on that ground, such provision is to be strictly construed,—that is, most strongly against the insurer. No intendment will be indulged in favor of a forfeiture thereunder.

2. SAME—*premises "vacant and unoccupied"—question of law and fact.* What is meant by the words "vacant and unoccupied," in a policy of insurance, is a question of law; but whether a building was, at the time of a loss, "vacant and unoccupied," within the meaning of the policy, is a question of fact.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

This was assumpsit, in the circuit court of Madison county, by appellee, against appellant company, on a fire insurance policy issued by appellant company to appellee on her frame house. The policy contained a clause that "if the premises insured become vacant or unoccupied without the consent of the secretary of the company, in writing, the policy shall be void."

The facts of the case, as stated by the Appellate Court, and which we adopt, are these: Mrs. Storig and her husband owned a building and out-buildings which they used as a saloon, eating-house and residence, the saloon being in the front part of the main building. In the rear of these buildings, upon another lot, stood the building insured. The two lots joined end to end, facing on different streets, but were in the same enclosure. Mrs. Storig owned the building insured,

and the lot on which it stood, in her own right. At the time the policy was issued the building was occupied by a Mrs. Harvey, as tenant of Mrs. Storig. The policy described the building insured as a "dwelling house No. 2, county of Madison, State of Illinois, lot 26, Main street, town of Edwardsville." In the application the property is described as "house No. 1, size 18x24 feet, age 3 years, occupied by tenant," without giving any other description of the premises. Mrs. Harvey continued to occupy the premises until December 15; 1887, when she left them. Mrs. Storig then determined to use the building in connection with the other building. She took out the partition in the main building, put in stoves, tables, benches, chandeliers and chairs, with a view of using the same for the purpose of giving suppers to balls or parties held in Turner's Hall, which was located just across the street. She also used the building for washing and ironing in, and stored goods therein. The building was used on the day and evening of January 5, 1888, for serving a supper, and between the 5th and 12th of January (the day the building was burned) two washings and ironings were done therein. Mrs. Storig. testifies: "From the time we changed it, the house was in use every day. I had it like a kitchen or general room. I fixed it up and put stoves in and used it every day." There is no pretense that the building was vacant at the time of the loss. The contention relates to the question of occupation, alone.

On the trial, the court submitted special questions of fact to the jury, as follows:

1. "Did any person live in the house that was insured, at the time of the fire, and if not, find how long it had been since any one had lived in said house as a place of abode.

2. "Was the house occupied in any manner, and if so, find and report, first, by whom it was occupied, and second, find the extent of occupation, and in what manner it was occupied, and how it was occupied."

The jury found for the plaintiff, and assessed her damages at $300, and returned special findings, as follows: To the first question, "Yes;" to the first part of the second question, "The house was occupied by Mrs. Elizabeth Storig;" and to the second part of the question, "It was occupied permanently, to-wit, for washing, ironing, cooking, eating and storage." The court overruled a motion for new trial, and also a motion by defendant for judgment against the plaintiff upon the special findings, and rendered judgment for the plaintiff. On appeal to the Appellate Court this judgment was affirmed, and the defendant appealed to this court, the Appellate Court having granted the certificate of importance.

Messrs. MARSHALL & TAGGART, for the appellant:

The Appellate Court erred in the construction of the policy, and also in so far as it holds that to be unoccupied there must be such a change of occupancy as increases the risk. *Insurance Co.* v. *Padfield*, 78 Ill. 167; *Fitzgerald* v. *Insurance Co.* 64 Wis. 463; *Cook* v. *Insurance Co.* 70 Mo. 610; *Ashworth* v. *Insurance Co.* 112 Mass. 422; *Herman* v. *Insurance Co.* 85 N. Y. 169; 1 Wood on Fire Insurance, (2d ed.) sec. 83, p. 191; *Sexton* v. *Insurance Co.* 69 Iowa, 99; *Paine* v. *Insurance Co.* 5 N. Y. 619; *Sonenborn* v. *Insurance Co.* 44 N. J. L. 220; *Corrigan* v. *Insurance Co.* 122 Mass. 298; *Litch* v. *Insurance Co.* 136 id. 491; *Insurance Co.* v. *Tucker*, 92 Ill. 70.

All conditions of the policy are warranties, and must be strictly and literally complied with. 1 Wood on Fire Insurance, sec. 178, p. 414; *Miller* v. *Insurance Co.* 31 Iowa, 216.

These vacancy clauses are conditions precedent. *Insurance Co.* v. *Zaenger*, 63 Ill. 464.

A warranty extends to every matter which it embraces, whether material to the risk or not. *Insurance Co.* v. *Myers*, 55 Miss. 479; *Thomas* v. *Insurance Co.* 108 Ill. 91; *Bick* v. *Insurance Co.* 44 Md. 95.

Messrs. HAPPY & TRAVOUS, for the appellee:

Whether the house in question was "occupied" at the time of the loss, within the meaning of the policy sued on, was a question of fact for the determination of the jury alone. *Insurance Co.* v. *Tucker,* 92 Ill. 64; *Insurance Co.* v. *Mason,* 5 Bradw. 141; *Wait* v. *Insurance Co.* 13 Hun, 371; *Poor* v. *Insurance Co.* 2 Fed. Rep. 432; Starr & Curtis' Stat. 1885, chap. 110, secs. 87, 89.

The jury having found that the house was occupied as a dwelling house, within the terms of the policy, and the judgment of the lower court having been affirmed by the Appellate Court, the question whether the evidence sustained the verdict is conclusively settled in the affirmative, and is no longer in issue. Such decision of the Appellate Court is final, not only as to questions of fact, but likewise as to mixed questions of law and fact. *Railroad Co.* v. *Morgenstern,* 106 Ill. 216; *Paddon* v. *Insurance Co.* 107 id. 196; *Christy* v. *Stafford,* 123 id. 463; *Stock Yards Co.* v. *Ferry Co.* 102 id. 514.

Conditions in a policy of insurance intended to work a forfeiture, and by which it is sought to escape liability, are construed strictly against the insurer. A substantial compliance on the part of the insured with any such condition is sufficient. *Insurance Co.* v. *Eddy,* 49 Ill. 106; *Insurance Co.* v. *Shipman,* 77 id. 189; *Insurance Co.* v. *Eddy,* 55 id. 213.

A non-occupancy condition will not be broken although acts not usual or in the line of use required be done, or acts usually within such occupation be wanting. *Harrington* v. *Insurance Co.* 124 Mass. 126; *Billings* v. *Insurance Co.* 50 Am. Dec. 277; *Insurance Co.* v. *Smith,* 3 Col. 422; *Woodruff* v. *Insurance Co.* 83 N. Y. 133; *White* v. *Insurance Co.* 8 Gray, 566; *Insurance Co.* v. *Foster,* 90 Ill. 121; *Gibbs* v. *Insurance Co.* 13 Hun, 611.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

It is to be premised that what is meant by the term "vacant and unoccupied," in a policy of insurance, is a question of law; but whether the building was, at the time of the loss, "vacant and unoccupied," within the meaning of the policy, is a question of fact. *Phœnix Ins. Co.* v. *Tucker*, 92 Ill. 64; *Western Ins. Co.* v. *Mason*, 5 Bradw. 141; *Waite* v. *Agricultural Co.* 13 Hun, 371.

On behalf of plaintiff the circuit court instructed the jury, "that the burden was upon the defendant to show that the premises, at the time of the fire, were vacant and unoccupied, and unless such fact is shown by preponderance of the evidence they should find for the plaintiff upon that question;" and also, "that although the plaintiff, in her application for insurance, represented that the premises were occupied by a tenant, and that such tenant moved out of the premises prior to the destruction of the building by fire, yet if they further believe, from the evidence, that at the time of such destruction, and after said tenant had moved out as aforesaid, the premises were occupied and used by the plaintiff as a dwelling house, then the jury must find for the plaintiff."

On the part of the defendant company the court instructed the jury, "that it was the province of the court to construe the policy and determine its meaning, and that it was their duty to be governed by the instructions in respect thereof;" second, "that by the policy in evidence, construed according to law, the defendant did not agree, and is not bound, to pay for any loss that might occur to the building while the same was vacant or unoccupied;" third, "that occupancy, applied to houses insured as dwellings, implies an actual use of the house as a dwelling place;" and fourth, "if you believe, from the evidence, that the house in question was occupied by a tenant until on or about December 5, 1887, and that it was then vacated by said tenant, and that since that time no one has lived in said

house as a place of abode, then the court instructs you, that under these circumstances the law is for the defendant, and it will be your duty to find a verdict in favor of the defendant."

It is not contended that these instructions are not fully as favorable for the defendant as it had any right to ask. It is not necessary to determine whether, in view of this policy, they do not state the law too broadly in appellant's favor, as no cross-errors were assigned. The last two of defendant's instructions, as above copied, contain all that is material in those refused. It may be said with propriety, however, that provisions like the one under consideration, in a policy of insurance, are for the protection and benefit of the insurer, and are inserted in its interest, and therefore, when a forfeiture of the policy is sought because of a violation thereof, they are to be strictly construed,—that is, construed most strongly against the insurer. In other words, no intendments will be indulged in favor of a forfeiture thereunder. (*Aurora Fire Ins. Co.* v. *Eddy,* 55 Ill. 213; *Hoffman* v. *Ætna Ins. Co.* 32 N. Y. 405; *Raun* v. *Home Ins. Co.* 59 id. 387.) We do not, however, deem it necessary to further pursue the discussion in this regard. The court below made the plaintiff's right of recovery to depend upon the question of fact whether the building, at the time of the loss, was actually occupied as a dwelling house or place of abode, and the jury have found that it was so occupied, and the Appellate Court has approved that finding.

The trial court submitted, at the instance of the defendant, special questions of fact to the jury, as follows:

1. "Did any person live in the house that was insured, at the time of the fire, and if not, find how long it had been since any one had lived in said house as a place of abode?

2. "Was the house occupied in any manner, and if so, find and report, first, by whom it was occupied, and second, find the extent of occupation, and in what manner it was occupied, and how it was occupied."

The jury returned, in addition to their general verdict, special findings. To the first question they answered "yes;" and to the second, "The house was occupied by Mrs. Elizabeth Storig; it was occupied permanently, to-wit, for washing, ironing, cooking, eating and storage." The jury having found that the house was occupied as a dwelling or as a place of abode, the affirmance of the judgment of the circuit court by the Appellate Court settles conclusively, so far as this court is concerned, that fact. *Paddon* v. *People's Ins. Co.* 107 Ill. 196.

Nor are we of opinion, without pausing to discuss the subject *in extenso*, that the special finding as to the manner of occupancy of the house is inconsistent with the general verdict,—that is, that the occupancy so specially found is not such occupation of the house as contemplated by the words and terms of the policy. It was occupied by the plaintiff, the occupation was permanent, and for most of the purposes, as found by the jury, for which dwellings are used. We are aware that there is some conflict in the authorities upon this subject, but think that the weight of reason and authority concur in the view we have expressed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*