S. W. LAMSON *et al.*

*v.*

THE ILLINOIS TRUST AND SAVINGS BANK.

*Filed at Ottawa April 3, 1897.*

1. APPEALS AND ERRORS—*when the Appellate Court should recite facts in its judgment.* It is only when the Appellate Court's finding of facts differs from that of the trial court that the facts found must be recited in its judgment, and in the absence of such a recital that court's judgment of affirmance implies the finding of facts the same as the trial court.

2. SAME—*affirmance by Appellate Court settles facts in suits at law.* An affirmance by the Appellate Court of the judgment of the trial court without reciting a different finding of facts settles all controverted questions of fact adversely to the appellant.

3. NEGLIGENCE—*question of negligence is ordinarily one of fact.* Where, from the facts given in evidence, the conclusion of negligence may or may not be drawn, the question of its existence is one of fact, and it is only when the conclusion of negligence necessarily results from the given facts that its existence may be said to be established as a matter of law.

*Lamson* v. *Illinois Trust and Sav. Bank,* 62 Ill. App. 377, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

D. M. KIRTON, for appellants.

PRUSSING & MCCULLOCH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of assumpsit on the common counts, to recover from the appellee money had and received. The appellants, Lamson Bros. & Co., during the year 1891 and prior thereto, had been doing their banking with the appellee, and on August 17, 1891, there was made up in the office of the appellants, by their cashier, Charles Smith, a deposit, consisting chiefly of drafts and checks,

amounting to $84,017.55, as shown by the deposit slip introduced in evidence. This amount was deposited by Smith, whose business it was to attend to the appellants' cash accounts, keep track of the cash items and make deposits. Before making this deposit Smith wrote out a check or draft for $10,000 on the Bank of New York, payable to J. S. Gibbs, cashier of the appellee bank, and handed it to appellant S. W. Lamson, who signed the firm name and handed it back to Smith for deposit. Smith, however, did not deposit this check or draft on New York, but bought a draft on New York from the appellee bank with it, payable to the order of W. H. Martin, for $10,000. This draft was afterwards endorsed "W. H. Martin" by Robert Whittaker, another employee of appellants, without authority from any one so to do, and he procured the money on it through other parties. Both the check or draft of appellants on New York and the draft of appellee on New York were paid in due course of business. Appellants did not discover the embezzlement of this money until March, 1892, when Smith and Whittaker were prosecuted criminally for embezzling about $60,000 from appellants. Afterwards appellants made a demand on appellee for the $10,000 received by it on the appellants' check or draft on the Bank of New York, but payment was refused. This suit was then brought to recover said $10,000.

The contention of appellants is, that on account of the negligence of the appellee in allowing Smith to purchase the Martin draft with the first draft they never received the money for it. They contend that the purchase of a draft on New York from the bank for $10,000, in exchange for their own check or draft on New York, was something so unusual that it was enough to arouse the suspicion of the bank officers, and that they ought to have investigated the matter, and had they done so they would have discovered the fraud. It is not disputed that Smith was well known to the bank as appellants' cashier, and that he

had frequently bought drafts there for appellants, made payable to various payees.

The cause was tried before the court without a jury. A number of propositions of law were submitted by appellants which were all held, but none were submitted on behalf of the appellee, whereupon the court found the issues for the defendant and entered judgment accordingly, which judgment was, on appeal to the Appellate Court, affirmed, and the appellants have further appealed to this court.

The appellants assign for error that the Appellate Court did not make a specific finding of facts in the case. This it is not required to do, unless it differs from the trial court in its findings. (Practice act, sec. 87; *Gammon* v. *Huse*, 100 Ill. 234.) And "where an Appellate Court fail to recite in their judgment they found the facts differently from what they were found by the trial court, it will be understood the affirmance of the judgment implies a finding of the facts the same way." *Paddon* v. *People's Ins. Co.* 107 Ill. 196, *Commercial Nat. Bank* v. *Proctor*, 98 id. 558, and numerous other cases.

The judgment of the Appellate Court affirming the judgment of the circuit court must, in the absence of a finding of facts by the Appellate Court, be treated in this court as conclusively settling all controverted questions of fact necessary to the maintenance of the judgment adversely to appellants. *Montgomery* v. *Black*, 124 Ill. 57, and cases there cited.

If it be conceded, as contended by appellants, that the question of the liability of appellee depends on the question of negligence, and not of bad faith, on its part, still it must be admitted that it was a question of fact for the courts below to determine whether or not the bank's employees and officers were negligent in their dealings with Smith whereby he obtained the Martin draft, whether Smith was acting within the apparent scope of his authority, and whether his acts in connection with the Mar-

tin draft were such that it became the duty of the bank to make further inquiry. "It is only when the conclusion of negligence necessarily results from the statement of fact that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law. If the conclusion of negligence, under the facts stated, may or may not result, as shall depend on other circumstances, the question is one of fact for the jury." *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor*, 119 Ill. 586; *Terre Haute and Indianapolis Railroad Co.* v. *Voelker*, 129 id. 540.

There are some exceptions to the admission and exclusion of evidence, but they are not relied upon by appellants. The evidence excluded was immaterial, and the evidence admitted could not have prejudiced appellants.

As all material questions urged are questions of fact which have been settled by the Appellate Court, there being no questions of law presented by the holding or refusing to hold propositions of law offered, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*