## S. N. Gash, Appellee, v. Home Insurance Company of New York, Appellant.

1. INSURANCE—*how defense under "vacant or unoccupied clause" should be determined.* The meaning of the terms "vacant, unoccupied or uninhabited" is a question of law; whether at the time of the fire the house was "vacant, unoccupied or uninhabited" is a question of fact.

2. INSURANCE—*when defense under "vacant and unoccupied clause" not established.* Held, that the enforced absence of the occupant of the premises in question under the circumstances in this case, was not such a breach of the conditions of the policy as to render it void, as a matter of law.

3. INSURANCE—*what waives proofs of loss.* Denial of liability waives proofs of loss; likewise, the interposition of several matters of defense, without specifying as a defense the failure to present proofs of loss.

4. INSTRUCTIONS—*must not single out evidentiary facts.* An instruction is improper which singles out a mere evidentiary fact which combined with other facts went to prove or disprove the main fact.

Assumpsit. Appeal from the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

JOHN R. HOLT and COOPER & BURGESS, for appellant.

CREIGHTON & THOMAS, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellant on December 27, 1904, issued to appellee a policy of insurance for two hundred dollars covering his one story frame dwelling from loss or damage by fire or lightning for the term of three years.

On February 20, 1907, the house was destroyed by fire and appellant refusing to pay the insurance, this suit was brought and resulted in a judgment for appellee for the sum of two hundred dollars.

The errors claimed and urged in appellant's brief are the refusal of the court upon the conclusion of

the evidence to direct a verdict in favor of appellant on its motion, and in giving, refusing and modifying instructions.

The policy contained a condition commonly called the "vacant or unoccupied clause" and it is contended that under all the evidence the court should have held as matter of law the premises at the time of the fire, were by the terms of the policy vacant and unoccupied without the written consent of appellant and should have given the peremptory instruction.

This condition of the policy was as follows: "If the premises described shall * * * become vacant, unoccupied or uninhabited without written consent hereon then * * * this policy shall be null and void."

The testimony showed that the house was completely destroyed, and at the time of the fire it had been leased by appellee to one Shoaf, who had been living there with his family. The house was located in a bottom which seems from the testimony to have been subject to overflow. The fire occurred about the 20th day of February, 1907, and about the first of that month the floods came, overflowing the bottom and rising in the house until the waters reached the windows. At this time Shoaf took his family, some bedding and things, and moved out by boat to a vacant house on higher ground and above the level of the flood. He erected a sort of scaffold in the house where he placed all his furniture such as a table, safe, stoves, bedsteads, chairs and the like. When the waters receded Shoaf on about the 18th and 19th of February, went back, took down the scaffolding, scrubbed out the accumulated mud and built a fire to dry the house. This was preparatory to moving his family back which it was intended to do the next day after the fire. Shoaf's furniture left in the house was also burned.

There was no conflict in the substance of the testimony and it shows that Shoaf at the time was a tenant; that the absence of himself and family from the

house was enforced and unavoidable; and that it was only temporary with the intention to return as soon as it was possible to occupy the house after the flood. The evidence does not show any one was there in the physical occupancy of the house or watching it during the flood or at the time of the fire.

Does this state of facts show a breach of the condition of the policy above set forth as a matter of law?

The meaning of the terms "vacant, unoccupied or uninhabited" is a question of law. Whether at the time of the fire the house was "vacant, unoccupied or uninhabited" is a question of fact. Rockford Ins. Co. v. Storig, 137 Ill. 646.

We have not been able to find the term "uninhabited" defined by any law writer and we presume it was used in its ordinary sense as not being a place of abode, a dwelling, a habitation, and the evidence is clear in showing no breach of this condition.

"Vacant means empty of everything but air, wherefore a house full of furniture, clothing, etc., left in charge of servants, is not vacant. Unoccupied means no one has the actual use or possession. Occupancy means actual use as a dwelling house and leaving some one to look after it is not a sufficient substitute for the care and supervision involved in occupancy. The house must be used by human beings as their customary place of abode." May on Insurance, sec. 249a.

A very large number of cases are reported furnishing decisions upon what does or does not constitute a breach of such a condition in a policy, each depending upon its own peculiar facts. It must be admitted that to require the constant presence of some one in the house would be unreasonable and would not be held to be in contemplation of the parties to a contract with such a provision in it.

The contract must not only have a reasonable construction, but as its provisions are inserted for the benefit of the company, it should be construed most strongly against the insurer. No intendment will be

indulged in favor of a forfeiture thereunder. Rockford Ins. Co. v. Storig, *supra.*

The following cases announce principles which we approve upon the question of fact involved.

"Temporary absence of the tenant or dweller on the night of the fire is not a vacancy." LaSalle v. Ins. Co., 43 N. J. L. 468.

"A temporary absence from Wednesday until Monday to attend a funeral is not a vacating of the premises that will avoid the policy." Franklin Ins. Co. v. Kepler, 95 Pa. St. 492.

"Where the assured had taken possession of the house for the purpose of permanent occupancy, had moved in her furniture and goods and was cleaning up the house preparatory to living in it, it was held the house was not 'vacant or unoccupied' although she slept in a building a few rods distant and did not eat or sleep in the house and after a few days went off on a business trip, during which the house was burned." Shackelton v. Sun Fire Office, 55 Mich. 288.

We are of opinion after examination of a number of cases that the enforced absence of the tenant under the circumstances here was not such a breach of the conditions of the policy as to render it void and the court did not err in refusing to direct a verdict for this reason.

Criticism is made of instruction No. 3 given on behalf of appellee. It tells the jury in substance that temporary absence on account of health, business, convenience or on account of occurrences over which they have no control, would not make the house vacant so as to avoid the policy. As applied to the evidence in this case which shows the house was not vacant as we view it, the instruction was not misleading.

We think also there was no error in modifying appellant's instructions 6 and 8. Both instructions as asked told the jury that if the property was vacant, unoccupied or uninhabited without the written consent of the company, appellee could not recover. The

court modified them by inserting "as explained in these instructions." As we think there was no error in defining or explaining the terms vacant, unoccupied or uninhabited in instruction number 3 for appellee, there was no error in the modification.

Instructions 10 and 11 refused for appellant stated that the mere fact that some articles of furniture were left in the house did not of itself determine the question whether the house was vacant, unoccupied or uninhabited but the question should be determined from all the evidence. While it was true that the mere fact that there was furniture in the house did not of itself necessarily determine the question, yet as the instructions single out a mere evidentiary fact which combined with other facts went to prove or disprove the main fact and to comment upon it, it was not error to refuse them. Where an ultimate fact depends upon a number of evidentiary facts, it is not error to refuse instructions that single out each evidentiary fact and instruct that proof of such latter fact alone does not of itself determine the ultimate fact. We also think there was no error in refusing instruction number 12.

It is claimed no sufficient proof of loss was made as required by the terms of the policy. It appears from appellant's letter of April 3, 1907, to appellee, that liability was denied solely on the ground that the house was vacant, unoccupied and uninhabited at the time of the fire. It further appears that in appellant's notice of special matter intended to be relied on, filed with its plea of the general issue, the only defense relied on was, the premises were vacant, unoccupied and uninhabited. This was a waiver of proofs of loss.

We are of opinion there is no error calling for a reversal of the judgment and it is affirmed.

*Affirmed.*