## THE AMERICAN INSURANCE COMPANY

*v.*

## JAMES H. PADFIELD *et al.*

*INSURANCE—breach of condition to keep house insured occupied.* A condition, in a policy of insurance of a dwelling house, that, if the house should become vacant and unoccupied, the policy should become void, is broken when the tenant occupying the same leaves the house two months before a loss by fire, and gives the assured notice of the fact, and no recovery can be had on the policy for the loss. The fact that the tenant has left a few articles in the building, and has not delivered the key to the owner, but with no intention of thereby holding possession, will not change the rule.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. J. M. BAILEY, Mr. J. I. NEFF, and Mr. M. W. WEIR, for the appellant.

Mr. WM. H. UNDERWOOD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case, appellees sued out a writ of attachment against Martin Anderson, from the circuit court of St. Clair county. It was issued on the 28th day of February, 1872, and was served on the same day, by levying on lots 11 and 12, in Williams' first addition to the town of Lebanon, in

that county, and by summoning James R. Padfield, as garnishee.

On the first day of the following July, Anderson applied for and obtained a policy of insurance on a dwelling house on the premises. The policy was for insurance for five years from that date. Early in September following, the house was destroyed by fire, and, on the 20th of the same month, a further affidavit was filed in the attachment suit, that, by reason of the destruction of the house by fire, the property attached had thereby become insufficient to satisfy plaintiffs' debt, and thereupon an *alias* writ of attachment was issued, and served on appellant, as garnishee.

On the second day of April, 1873, a trial was had in the attachment suit, which resulted in a judgment in favor of plaintiffs for $1196.43, and costs of suit. Interrogatories were filed, which were answered by appellant, denying all indebtedness to Anderson and all liability on the policy.

At the September term, 1874, a trial was had upon the interrogatories and answer, by the court and a jury. A verdict was found for plaintiffs for $600. A motion for a new trial having been overruled, judgment was rendered on the verdict, from which this appeal is prosecuted.

The defense relied on consists of the breach of three conditions in the policy, *first*, that Anderson warranted the premises to be free from incumbrance when he made his application for insurance, when it was, at the time, subject to the levy of the writ of attachment; *second*, that the house had become vacant, and had so remained for about two months before, and was vacant at the time it was burnt, and that Anderson had notice thereof, whilst the validity of the policy was, by a condition therein, made to depend upon its continuous occupancy, and it provided that, if the house should become vacant and unoccupied, the policy should become void, and the assured should not be entitled to recover for loss; and *third*, the assured did not make and fur-

nish the proofs of loss, as required by the policy, within the time or in the manner specified.

In the view we take of this case, it becomes unimportant whether or not the levy of the attachment was an incumbrance until followed by a judgment, or whether the property seized was defendant's homestead, and not liable to attachment. Other questions control, and are decisive of the case.

The evidence incontestably shows that no person was residing in this house or had been for about two months prior to or at the time of the fire. The tenant in possession at the time the insurance was effected, testified that he had removed from the house that length of time before, and notified the assured of the fact, who requested him to lease it to some one else, but afterward countermanded the directions, and it had remained unoccupied until it was burnt. He says he did not consider that he had anything more to do with the house; that he was not occupying it or paying rent for it; he only had the key to deliver to Anderson when he came back from Missouri; that there was a table, a crib, and a straw tick in it, in the house when it burnt. A number of persons testified that the house was vacant.

We think there can not be the slightest room to doubt that the house was vacant and unoccupied when the fire occurred, and had been for the two months previously. A fair and reasonable construction of the language, "vacant and unoccupied," is, that it should be without an occupant—without any person living in it. This is the popular meaning of the language, as appears from the evidence. Several witnesses, knowing that no one was residing in it, testified that it was vacant; and so would the great majority, if not all persons, say the same thing. The language is not used in a technical, but in a popular sense. If the house had been situated when insured as it was when it was burned, and the assured had answered that it was occupied by a tenant, would any one doubt that such representation was false? Or, suppose assured

had owned the property in fee; had been, as he was, absent in Missouri, and had received the key from the tenant, and he had answered that he was occupying the house, although it had been situated as it was when it burnt, would any one suppose that the technical rule, that the fee draws to it, for some purposes, the possession, would have made the answer true, or that he could have thus answered his warranty that the house was occupied by him? We suppose no one would so contend. For some purposes, the law might regard the leaving of a few such articles in a house as carrying with them possession in their owner; but in such cases there must be an intention to thus take and hold possession; but here, there was no such intention by the tenant. On the contrary, he disclaimed all possession; but such possession is not occupancy, in its popular sense.

We think it clear, from the evidence in the case, that the house, when burnt, was vacant and unoccupied; that Anderson was notified of the fact, and acquiesced in it, and that the condition that it should remain occupied, was broken, and the policy became void, and the company are not liable to pay any portion of the loss.

This disposes of the case, and renders the discussion of other questions unnecessary.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*