## AGRICULTURAL INSURANCE COMPANY
## v.
## WILLIAM FRITH, GUARDIAN.

*Fire Insurance—Loss when House is Unoccupied—Evidence.*

In an action upon a policy of fire insurance it is *held:* That the verdict for the plaintiff is manifestly against the weight of evidence, which shows the house to have been unoccupied at the time of the loss within the meaning of the clause exempting the defendant from liability while unoccupied.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. ELBERT H. GARY, for appellant.

The clause in a policy of insurance that it shall be void during unoccupancy as a dwelling of the building insured, is binding and effective. Its meaning is that there must be a person living in the building at the time of the fire or the policy will be avoided. American Ins. Co. v. Padfield, 78 Ill. 167; Same v. Foster, 92 Ill. 334; Keith v. Ins. Co., 92 Mass. 228; Lith v. Ins. Co., 136 Mass. 491; Bennett v. Agl. Ins. Co. (51 Conn.), 13 Ins. L. Jrl. 817; Alston v. Ins. Co., 80 N. C. 326; Ætna Ins. Co. v. Meyer, 63 Ind. 238; Herman v. Ins. Co., 85 N. Y. 162.

The uncontradicted evidence shows that the house in question was, at the time of the fire, "unoccupied as a dwelling." In such an event the policy provides it shall be void and of no "force so long as said dwelling house shall be so unoccupied."

Messrs. STEPHEN R. MOORE and O. G. BARTLETT, for appellee.

The proof shows the house was to be occupied as a tenement house, and is so expressed in the policy. The house was worth but little over $100. The insurance company knew that such a house commanded poor tenants. There is no dispute,

the tenant paid the rent to November 1st; that the tenant was in jail for a failure to pay a fine for assault and battery ; that his wife remained in the house until two weeks or less before the fire. She took the child to her parents intending to return to the house. She says she left Tracey's effects in the house when she went away, but left the key with him, or his legal custodian, the Sheriff. Tracey left his effects in the house. It is true they were very poor people, and their goods were of but little value, but such as they were he kept them in this house, and the proof shows the house was occupied. Two juries pass on this question of fact, and it is matter purely for the jury, and the court can not say that the jury was not warranted in so finding.

LACEY, J. This was a suit commenced by appellee against appellant before a Justice of the Peace, and from there appealed to the Circuit Court, and finally, after one verdict had been set aside and a second one resulting in appellee's favor and damages assessed at $108.88, the court overruled a motion for a new trial and rendered judgment in favor of appellee, and from this judgment this appeal is taken.

The main defense was made under the following clause in the insurance policy, to wit: " If without the written consent of the company indorsed on the policy such dwelling house shall cease to be occupied as a dwelling, then so long as said dwelling house shall be so unoccupied, this policy shall be void and of no force or effect." The house insured was a dwelling house, and insured by appellee as the guardian of Frank Hasney, a boy eleven years old, who was the owner of the house and lot in question. The house was totally destroyed by fire about 10 o'clock at night, October 15, 1884, and was worth over $100. The evidence is that the dwelling house so insured had been occupied by a tenant, one H. M. Tracey and wife, until two weeks before the last day of July immediately preceding the time it was consumed by fire. On the last day of July H. M. Tracey became involved in some trouble and was fined one dollar, and sent to the county jail, and remained there until October 24th following the fire. Mrs. Tra-

cey, the wife of H. M. Tracey, continued to occupy the dwelling until about two weeks previous to the fire, when she left the house and went to Mattoon, Illinois, and hired out as a servant to do general housework. Upon leaving she sold all the furniture and household goods, except one old cupboard she made herself, locked the door, and gave the door-key to one Nichols, to hand to the Sheriff for her husband. No other occupant was in the house till the time of the fire. It may be she intended to return to the house at some indefinite time. It is quite clear that this house was not occupied as a dwelling. But appellee contends the evidence brings the case within the rule announced in the case of Phœnix Ins. Co. v. Tucker, 92 Ill. 64. We do not think it falls within the rule announced in that case, but rather within the rule announced in the case of the American Ins. Co. v. Padfield, 78 Ill. 167.

"The clause in the policy should not be construed to mean a constructive, but an actual occupation." We therefore think the verdict was manifestly against the weight of the evidence. So holding it is not necessary to notice any of the other objections raised. Because the verdict is greatly contrary to the weight of the evidence, the judgment is reversed.

*Judgment reversed.*