Mrs. Conrad Schuermann

v.

The Dwelling House Insurance Company.

*Filed at Ottawa May 12, 1896.*

1. Insurance—*forfeiture of policy by allowing premises to become vacant.* Forfeiture of an insurance policy for the violation of a covenant that it shall be void if the premises become vacant and unoccupied, cannot be made to depend upon the knowledge of the insured as to the fact of such vacancy.

2. Same—*when a house is deemed to be vacant, within the meaning of a policy.* A tenement house is vacant and unoccupied, within a condition of an insurance policy, where the tenants have moved out, although a few articles are left in one room by one of them.

3. Trial—*question whether building was vacant is for the jury.* The question whether a building is vacant or unoccupied, within the meaning of an insurance policy, at the time a loss by fire occurs, is a question of fact for the jury.

4. Same—*whether evidence tends to prove a fact, is for court.* The question whether there is evidence legally tending to prove a fact so as to authorize the submission of the question to the jury, is a question of law for the court.

*Schuermann* v. *Dwelling House Ins. Co.* 57 Ill. App. 200, affirmed.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. N. C. Sears, Judge, presiding.

The plaintiff in error, who was the plaintiff in the trial in the Superior Court, brought an action upon an insurance policy, to recover for loss by fire for the value of the insured building. The policy contained the following condition, which is relied upon for forfeiture and avoidance of the policy: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if any change take place in the interest, title or possession of the subject of insurance, (except change of occupants without vacancy or unoccupany or other increase of hazard,) whether by

legal process or judgment, or by voluntary act of the insured, or otherwise, * * * or if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied or not in use." Whether the building insured was vacant and unoccupied, within the meaning of this condition, was the only question made by the defendant on trial. The trial court instructed the jury to find a verdict for defendant when the evidence was in, and a verdict and judgment were entered accordingly. Due motions were made and exceptions taken, and on appeal to the Appellate Court for the First District the judgment was affirmed. The plaintiff sued out this writ of error.

The contention of the plaintiff here is that the building was not vacant and unoccupied, within the meaning of the terms of the condition; and further, even if it be admitted the building was vacant and unoccupied, yet the plaintiff, from the circumstances, had a right to believe it was occupied and had no notice of its being vacant, and the circumstances were such that it was a question of fact for the jury to determine whether the building was vacant, within the meaning of the policy.

The plaintiff lived several miles from the insured building, which was a tenement house, and a short time prior to the fire was occupied by several tenants. These several tenants were, by their leases, authorized to occupy the particular parts let to them severally, during the whole month of July. A son of plaintiff notified some of the tenants to move out, as it was proposed to have the house repaired. Others left of their own motion. The fire occurred on the night of July 21. On the day before its destruction, a carpenter, desiring to make an estimate of the cost of proposed repairs, went through the house and found it unoccupied. It was vacant, with doors unfastened and windows broken. It was sought to be shown by the plaintiff that one tenant had a few articles in one room formerly occupied by him. Plaintiff

contends it must be a question of fact, to be determined by a jury, whether the house was vacant, and insists it was error to instruct the jury to find for the defendant, and that the Appellate Court erred in affirming that judgment.

John M. Hamilton, for plaintiff in error.

Harbert & Daley, for defendant in error.

Mr. Justice Phillips delivered the opinion of the court:

Whether a building is vacant or unoccupied at the time a loss by fire occurs is a question of fact, for determination by the jury. What is meant by the term "vacant or unoccupied," as used in a policy, and its construction with other clauses, is a question of law. (*Phœnix Ins. Co.* v. *Tucker*, 92 Ill. 64.) The question of fact, depending on the preponderance of the evidence, is for the jury. Whether there is any evidence, legally tending to prove a fact, to authorize its submission to the jury, is to be determined by the court. (*Bartelott* v. *International Bank*, 119 Ill. 259.) Where the evidence is not sufficient to support a verdict for the plaintiff, or if one, if found, must be set aside, the court may direct the finding. *Simmons* v. *Chicago and Tomah Railroad Co.* 110 Ill. 340.

An insurance policy will be liberally construed in favor of the assured, but construction will not make a new contract for the parties or disregard the evidence as expressed. The covenant in this policy that the premises becoming vacant and unoccupied would cause a forfeiture and avoidance, can on no principle of construction be made to depend upon the plaintiff's knowledge of the fact. In *Moore* v. *Phœnix Ins. Co.* 64 N. H. 140, it was held that a dwelling house in which no one lives, but in which a former occupant left some trifling articles of furniture of little value and of no use elsewhere, was vacant and unoccupied, within the meaning of the terms

of the policy. To the same effect are *Continental Ins. Co.*
v. *Kyle*, 9 L. R. A. (Ind.) 81, and *Fischer* v. *Council Bluffs Ins.
Co.* 74 Iowa, 676.

There is a strong authority in support of the rule that
the meaning of the term "vacant or unoccupied" is that
the house is without an occupant—that is, no one living
in it. *North American Fire Ins. Co.* v. *Zaenger*, 63 Ill. 464;
*American Ins. Co.* v. *Padfield*, 78 id. 167; *Fitzgerald* v. *Connecticut Fire Ins. Co.* 64 Wis. 463 ; *Alston* v. *Old North State Ins.
Co.* 80 N. C. 326.

The evidence in this record already shows the premises were vacant and unoccupied, within the meaning of
the conditions of the policy, and by the terms of the contract a forfeiture and avoidance resulted from that fact.

It was not error to instruct the jury to find for the
defendant, and it was not error in the Appellate Court
to affirm that judgment. The judgment of the Appellate
Court is affirmed.                    *Judgment affirmed.*