## Crete Farmers' Mutual Township Insurance Co. v. Simon Miller.

1. INSURANCE—*Construction of Forfeiture Clauses.*—A provision in an insurance policy that, under certain circumstances, the policy shall be void, should be construed most strongly against the insurer.

2. SAME—*Effect of Unlawful Use of Property.*—The temporary use of insured property for purposes forbidden by the policy only suspends its operation, and when such use ceases the policy revives.

3. SAME—*Questions Involved Where Risk is Alleged to be Increased by Alterations.*—Under the policy sued on in this case, the first question is, did the building of the shed and the use of the gasoline engine increase the risk? And if it be found that the risk was thereby increased, then the question arises whether there was any increase in the risk when the engine was not in operation, and whether the fire was caused by such increase.

4. SAME—*Objections to Title of Insured.*—In a suit on an insurance policy, the point that the plaintiff had but a leasehold interest in the land on which the insured building stood, when the contract required that he have title in fee simple, can not be made for the first time on appeal.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

HALEY & O'DONNELL, attorneys for appellant.

C. W. BROWN, attorney for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee to recover on a fire insurance

policy, covering a grain elevator, which was destroyed by fire on the 20th of April, 1894. He recovered a judgment for $2,708.33.

A reversal of the judgment is urged for the reasons:

First. That the policy was rendered void because of the erection of a shed and the placing of a gasoline engine therein in close proximity to the elevator, which increased the risk.

Second. That appellee had but a leasehold interest in the property, which rendered the policy void under section fourteen of the act of incorporation under which appellant did business.

Appellant is a mutual fire insurance company, and the policy was limited by the provisions of its act of incorporation and by-laws.

Section 16 of the act of incorporation reads as follows:

" If any alteration should be made in any house or building by the proprietor thereof, after insurance has been made thereon with said company, whereby it may be exposed to greater risk or hazard from fire than it was at the time it was insured, then, and in every such case, the insurance made upon such house or building shall be void, unless an additional premium and deposit after such alteration be settled with and paid to the directors, but no alteration or repairs in buildings, not increasing such a risk or hazard, shall in any wise affect the insurance previously made thereon."

About two weeks before the fire occurred, George Miller, a son of appellee, having in charge the insured property, caused to be built upon the north end of the elevator a small shed, in which he placed a gasoline engine which he used for operating the machinery of the elevator. The machinery had before then been operated by horse power. The gasoline to run the engine was stored in a tank, set in the ground, thirty feet distant. The tank was lower than the engine, and the gasoline was pumped for consumption as required when the engine was running. There was a return pipe which allowed the gasoline in excess of con-

sumption to flow back to the tank, or when the engine was closed down.

It is contended that the erection of this shed, and the placing of this engine, etc., was such an alteration that it exposed the elevator to greater risk from fire than it was at the time it was insured, and therefore rendered the policy void. That contention is insisted upon irrespective of whether the fire originated in the shed.

Our Supreme Court has long been committed to the doctrine that provisions in insurance policies, with reference to what shall avoid a recovery in event of loss, are construed most strongly against the insurer. Following in the line of that doctrine, the court has frequently held that the temporary unauthorized use of property insured only suspends the operation of the policy, and that when such use ceases the policy revives. New England Fire Insurance Company v. Whitemore et al., 32 Ill. 244; Schmidt v. Peoria Fire and Marine Insurance Company, 41 Ill. 295; Insurance Company of North America et al. v. McDowell et al., 50 Ill. 120; Insurance Company of North America v. Garland, 108 Ill. 220; Germania Fire Insurance Company v. Klewer, 129 Ill. 599; Traders' Insurance Company v. Catlin, 163 Ill. 256.

Whether the building of the shed and the placing of the engine with gasoline tank, with appliances for operating it, increased the risk, was a question for the jury. If they found that it did increase the risk, then the further question for their decision was whether there was any increase of risk when the engine was not in operation, and whether the fire was caused by such increase. We think those questions were fairly submitted under the instructions of the court.

It would render this opinion too lengthy to review in detail the testimony of the witnesses as to the questions of increased risk and the origin of the fire. Much of it is speculative. It is sufficient for us to say that the preponderance shows that the fire did not have its origin in or about the shed or gasoline fixtures, but at the northwest corner of the elevator, some thirteen or fourteen feet from the shed.

To the contention that the policy was void, because appellee had but a leasehold interest in the land on which the elevator stood when section fourteen of the original act of incorporation required the insured to have title in fee simple unincumbered, it is sufficient to say that this point is now made for the first time. Neither by objection to evidence, motion to exclude, nor by instruction, was the point brought to the attention of the trial court. Had it been raised upon the trial appellee would have had an opportunity to show, if such was the fact, that at the time the insurance was taken he informed the officers of the company, or they knew of the true condition of the title.

Situated as the elevator was, on the right of way of the Illinois Central Railroad Company, where it had been for years, and where it had been insured in this same company for twelve years, the officers were doubtless well acquainted with the fact that appellee did not own in fee simple the land on which the elevator was located.

It may be said, also, that it does not appear from the abstract that section fourteen was in evidence, but if it was, the attention of the court was not called to its provisions.

No error was committed by the court in the refusal of offered instructions. Judgment affirmed.