ROBERT R. CAVIN *et al.,* Plaintiffs-Appellants, *v.* THE CHARTER OAK FIRE INSURANCE COMPANY, Defendant-Appellee.

Second District    No. 78-50

Opinion filed December 6, 1978.

Slovacek & Slovacek, of Crystal Lake, for appellants.

Kell, Conerty & Poehlmann, of Woodstock, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Robert Cavin and Mary Cavin, plaintiffs, sued the defendant, Charter Oak Fire Insurance Company, on an insurance policy insuring their rental property against damage from vandalism. Summary judgment was granted in favor of the insurance company based upon the pleadings, including the insurance policy and the deposition of the plaintiffs. Plaintiffs appeal.

In issue is the interpretation of the exclusion of coverage for vandalism and malicious mischief, "while the dwelling is *vacant* beyond a period of 30 consecutive days." (Emphasis added.) The trial court concluded that the term "vacant" was synonymous with "unoccupied" and on this basis found no coverage as a matter of law since the fact that the premises had been unoccupied by any persons for more than 30 days was conceded. We cannot agree.

The policy term was June 20, 1973, to June 20, 1974. The testimony of the Cavins in their deposition includes the facts that no persons were living in the premises on December 8, 1973, when the alleged damage occurred; that no one had lived in the premises since the last part of February 1973; that there were no tenants during that period because the dwelling was being remodeled from an existing two furnished apartments to a contemplated three furnished apartment dwelling; but that each apartment was completely furnished up to the date of the loss. There was also testimony that the insured property adjoined the home of plaintiffs and that they stored material in the basement of the rental dwelling for a fence they planned to erect between the buildings as well as other materials in connection with the planned remodeling.

■■ The interpretation of the term "vacant" as used in a policy is a question of law; but whether at the time of loss the insured dwelling was "vacant" is a question of fact. (See, *e.g., Home Insurance Co. v. Mendenhall,* 164 Ill. 458, 469 (1897); *Gash v. Home Insurance Co.,* 153 Ill. App. 31, 33 (1910).) Ordinarily, a type of exclusion here involved has been phrased in terms of " 'vacant or unoccupied' " or, phrased in the conjunctive, "vacant and unoccupied." (See, *e.g., Schuermann v. Dwelling House Insurance Co.,* 161 Ill. 437, 440 (1896).) Where the question of occupancy has been an element of the exclusion the phrase has been interpreted to mean that the dwelling was without an occupant at the time of the loss, that is, that no person was living in it. (161 Ill. 437, 440; *American Insurance Co. v. Padfield,* 78 Ill. 167, 169 (1875). See also Annot., 47 A.L.R.3d 398, 409-13 (1973).) In *Gash v. Home Insurance Co.,* 153 Ill. App. 31, 33 (1910), there is dicta that "vacant" by itself means "empty of everything but air"; whereas "unoccupied" means "no one has the actual use or possession." (See also *Schuermann v. Dwelling House Insurance Co.,* 161 Ill. 437, 440.) Even where the exclusion has related to premises which are "vacant and unoccupied" or "vacant or unoccupied" with no discussion that distinguishes between the two words, vacant, unoccupied, the opinions have recognized that it is a relevant inquiry to determine whether substantial articles are left in the building as showing whether the building is "occupied." (See *Dunton v. Connecticut Fire Insurance Co.,* 371 F.2d 329, 330 (7th Cir. 1967).) Thus in *Dunton,* the court of appeals concluded "that the use of a building to store a few articles does not show that the building is still occupied." (371 F.2d 329, 330.) In *Home Insurance Co. v. Mendenhall,* 164 Ill. 458, 469 (1897), the court concluded that leaving "some trifling articles in the house" raised a question of fact as to whether the premises were vacant and unoccupied. In *American Insurance Co. v. Padfield,* 78 Ill. 167, 170 (1975), after an evidentiary trial which showed that only a table, crib and mattress had been left in the premises, presumably belonging to the tenant and left without intention to hold possession of the premises, the court concluded that the premises were therefore vacant and unoccupied.

■■ Here, of course, we are dealing with an exclusion clause which uses only the term "vacant." If any ambiguity exists because of the lack of reference to occupancy which would limit the insurance company's liability the construction must be in favor of the insured. (See, *e.g., Pierce v. Standard Accident Insurance Co.,* 70 Ill. App. 2d 224, 230 (1966).) In *Knoff v. United States Fidelity & Guaranty Co.,* 447 S.W.2d 497 (Tex. Civ. App. 1969), the Court of Civil Appeals of Texas in reference to an insurance policy which contained only the term "vacant" ruled that the term was not synonymous with "unoccupied"; that the term "vacant" means "without contents of substantial value" in the sense not necessarily

of monetary value but of "substantial utility" (447 S.W.2d 497, 501). The trial court judgment in favor of the insured as a matter of law was reversed and the cause was remanded so that the trier of the facts could determine whether "there was furniture of substantial value in the house and therefore it was not vacant." (447 S.W.2d 497, 501.) We find the reasoning persuasive and applicable here.

Under the facts the insurance company has not shown as a matter of law that the alleged complete furnishings were not of substantial value and that therefore the dwelling was vacant.

■■ The insurer has also argued that in addition to the restriction as to vandalism and malicious mischief a reading of other provisions of the policy precludes recovery. Reference is made to the standard conditions suspending or restricting insurance "while the hazard is increased by means within the control or knowledge of the insured" or while a building "is vacant or unoccupied beyond a period of 60 consecutive days." It appears, however, that these provisions were specifically waived by the "General Conditions" of the policy "Modification of Terms" (relative to "uninsurable and excepted property"). But in any event, whether the hazard has been increased would in our view be a triable issue of fact making summary judgment inappropriate. See *Crete Farmers' Mutual Township Insurance v. Miller,* 70 Ill. App. 599, 601 (1896); *Knoff v. United States Fidelity & Guaranty Co.,* 447 S.W.2d 497, 502 (Tex. Civ. App. 1969).

Further, the "Special Conditions" grant permission for the insured premises to be "vacant or unoccupied" "for certain specified perils" and state that "a building in the course of construction shall not be deemed vacant"; and that the insured may "make alterations, additions and repairs, and to complete structures in course of construction." These provisions raise a further question of fact, whether the premises were in fact in the course of construction or alteration within the policy terms and therefore excepted from the vacancy exclusion.

We therefore reverse the judgment and remand the cause for an evidentiary hearing consistent with the views we have expressed.

Reversed and remanded.

WOODWARD and NASH, JJ., concur.