

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00063-CV

COLUMBIA LLOYDS INSURANCE
COMPANY

APPELLANT
AND APPELLEE

V.

ROBERT MAO AND VACHANA
MAO

APPELLEES
AND APPELLANTS

------------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Columbia Lloyds Insurance Company issued a Texas Dwelling Policy that

named Vachana Mao as insured and covered a rental house that she owned.

After a fire occurred at the dwelling, Vachana reported the loss to Columbia

Lloyds; Columbia Lloyds denied Vachana's claim based on a vacancy clause in

---

[1]*See* Tex. R. App. P. 47.4.

the policy. This litigation ensued, and the trial court granted Columbia Lloyds's traditional and no-evidence motion for summary judgment on the Maos' extracontractual claims; the trial court also granted the Maos' motion for partial summary judgment on their breach of contract claim and awarded them actual damages of $30,000. The trial court granted Columbia Lloyds's summary judgment on the Maos' claim for attorney's fees and for violations of the Prompt Payment of Claims Act (PPCA).

Columbia Lloyds and the Maos both perfected appeals. In one issue, Columbia Lloyds contends that the trial court erred by granting summary judgment for the Maos and by denying summary judgment for Columbia Lloyds on the Maos' breach of contract claim because Columbia Lloyds conclusively established that the dwelling was vacant, triggering the vacancy exclusion of the policy. In three points, the Maos argue that the trial court erred by granting summary judgment for Columbia Lloyds on the Maos' claim for attorney's fees, their claim that Columbia Lloyds had violated the PPCA, and their extracontractual claims. For the reasons set forth below, we will reverse and remand in part and affirm in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The policy issued by Columbia Lloyds covered rental property located at 1109 Bewick in Fort Worth; a detached garage was also covered by the policy. The policy period was from January 19, 2006 to January 19, 2007, and the policy limit was $30,000 with a $300 deductible. The policy contained a vacancy clause

that stated, "During the policy term, if an insured building is vacant for 60 consecutive days immediately before a loss, we will not be liable for a loss by the perils of fire and lightning or vandalism or malicious mischief. Coverage may be provided by endorsement to this policy."

Judy Romero, a claims manager for Columbia Lloyds, received a phone call from Vachana on November 3, 2006, reporting that a fire had damaged the insured dwelling at 1109 Bewick on October 28, 2006. Romero noted on the "Property Loss Notice" form that "[t]he house was vacant per insured[—]tenant moved out in Feb." Romero assigned the claim to Orena Claims Service.

Robert Orena inspected the dwelling on November 7, 2006, and took photographs; he determined that there were no contents in the house. Orena orally explained the vacancy clause to Vachana. Orena thereafter told Romero that the house was a total loss, that the origin of the fire was undetermined, and that the house had been vacant for more than sixty days.

Romero made the decision to deny the claim based on the vacancy clause in the policy and the facts supporting the vacancy (i.e., no contents in the house and no tenants in the house), and Romero told Orena to write a denial letter. Orena sent a letter dated November 10, 2006, to Vachana denying the claim based on the vacancy clause.

Following the letter, the Maos' attorney sent a letter to Columbia Lloyds disputing the definition of "vacancy" it had used. Romero printed out the definitions of "vacancy" and "unoccupied," sent them to the Johnston Legal

3

Group to obtain a legal opinion, and requested an examination under oath from Vachana.

During her examination under oath on May 14, 2007, Vachana stated that as of June 8, 2006, all of the prior tenant's furniture had been moved out, and the insured dwelling was "completely vacant." She said that there was a sofa, an old bed, a gas range, and a refrigerator in the detached garage[2] but that these appliances were not "hooked up." She explained that the house was in the process of being remodeled and that although the contractor's proposal said that he would finish by July 12, 2006, she did not think that he had finished the work by that date because he kept coming in and out of the house.

On September 20, 2007, Romero sent a second denial letter to the Maos because the legal opinion that she had received from the Johnston Legal Group following the examination under oath confirmed that the vacancy clause applied.

The Maos filed suit against Columbia Lloyds, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, common law fraud, violations of the Deceptive Trade Practices Act (DTPA), violations of the insurance code, and violations of the PPCA. The Maos also claimed they were entitled to attorney's fees for their breach of contract and PPCA violation claims.

Columbia Lloyds answered, and in due course, the parties filed competing motions for summary judgment. The Maos moved for partial summary judgment

---

[2]Vachana said that the "garage not burned down, just a little bit."

4

on their breach of contract claim, arguing that as a matter of law the insured dwelling was not vacant at the time of the fire as the term "vacant" is defined by Texas law. Columbia Lloyds moved for summary judgment on the Maos' breach of contract claim, arguing that as a matter of law the property was vacant for sixty consecutive days prior to the fire. The Maos also moved for summary judgment on their extracontractual claims and on their claim for a violation of the PPCA. Eventually, the trial court signed a final judgment granting Columbia Lloyds's motion for summary judgment on the Maos' extracontractual claims and claim for violations of the PPCA and granting the Maos' motion for partial summary judgment on their breach of contract claim; the trial court denied the Maos' request for attorney's fees under any theory of recovery.

## III. STANDARD OF REVIEW

### A. No-Evidence Summary Judgment Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

5

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

**B.      Traditional Summary Judgment Standard of Review**

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Mann Frankfort*, 289 S.W.3d at 848.

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.

6

*20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller*, 168 S.W.3d at 822–24.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). If uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c); *Morrison v. Christie*, 266 S.W.3d 89, 92 (Tex. App.—Fort Worth 2008, no pet.).

When competing motions for summary judgment are filed, and one is granted while the other is denied, we first review the order granting summary judgment. *Hartford Cas. Ins. Co. v. Morton*, 141 S.W.3d 220, 225 (Tex. App.—Tyler 2004, pet. denied). If we determine the order granting summary judgment

7

was erroneous, we then review the trial court's action in overruling the denied motion. *Id*. We determine all questions presented and may reverse the trial court's judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *See Mann Frankfort*, 289 S.W.3d at 848; *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988).

## IV. A GENUINE ISSUE OF MATERIAL FACT EXISTS ON THE APPLICABILITY OF THE POLICY'S VACANCY CLAUSE

In a single issue, Columbia Lloyds argues that the trial court erred when it granted a traditional summary judgment for the Maos on their breach of contract claim because the summary judgment evidence fails to conclusively establish that the dwelling was not vacant and that the trial court erred when it denied Columbia Lloyds's traditional motion for summary judgment on the Maos' breach of contract claim because the summary judgment evidence conclusively established that the dwelling was vacant for sixty consecutive days prior to the fire, triggering the vacancy exclusion in the policy.

As set forth above, the vacancy clause excluded coverage for fire damage occurring when the dwelling was vacant for sixty consecutive days before a fire. The policy does not define "vacant." The term vacant has been defined by case law as an "entire abandonment, deprived of contents, empty, that is, without contents of substantial utility." *See Jerry v. Ky. Cent. Ins. Co.*, 836 S.W.2d 812, 815 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Knoff v. United States*

8

*Fid. & Guar. Co.*, 447 S.W.2d 497, 501 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ).

The summary judgment evidence on the vacancy issue included the Maos' Request For Admission No. 11 asking Columbia Lloyds to admit "[t]hat the fire on our [sic] about October 28, 2006 caused damage to the dwelling and contents in the dwelling at the property." Columbia Lloyds answered, "Denied. Answering further: Defendant admits that the fire caused damage to the dwelling but because there were no contents in the house, no contents were destroyed." Deposition excerpts from Romero's deposition indicate that the adjuster's photos documented that nothing was in the actual dwelling, although a few items were in the detached garage. Romero also stated that she did not have any information that the Maos had abandoned the property; she knew that they were remodeling the home and that they were trying to sell it.

Vachana stated in her May 2007 examination under oath that as of the date of the fire, all of the prior tenant's furniture had been moved out, and the insured dwelling was "completely vacant." She said that there was a sofa, an old bed, a gas range, and a refrigerator in the detached garage; that the appliances were not "hooked up"; and that the garage had no heating or air-conditioning and was not designed to be lived in. Vachana explained that although the remodeler's proposal said that he would finish by July 12, 2006, she did not think that he had finished the work by that date because he kept coming in and out of the house.

9

The remodeler, Valentin Leos, said that he started the remodel on July 12, 2006, and that he finished the job "a month or month and seven days" before Vachana called and told him that the house had burned. Leos recalled that there was a refrigerator and a stove in the home, and he thought that there was a washer and dryer, but he was not sure if there was a dishwasher.

In her March 2009 summary judgment affidavit, Vachana averred that the home was in the process of being renovated until September 2006 but that it was not complete at the time of the fire because Leos still needed to put in new windows. She said that the utilities were connected because she showed the home to potential buyers approximately twice a week, that she had been to the home the week before the fire, and that she went to the home at least once a week. Vachana averred that there was a refrigerator, a washer, a dryer, and a dishwasher in the house and that there was a sofa, a heater, a bed, a refrigerator, and a range in the garage.

Generally, when contradictory summary judgment evidence exists on whether a dwelling was vacant within the meaning of the policy's vacancy clause, it is a question for the jury. *Germania Farm Mut. Aid Ass'n v. Anderson*, 463 S.W.2d 24, 25 (Tex. Civ. App.—Waco 1971, no writ) (refusing to hold vacancy was established as a matter of law); *accord Lundquist v. Allstate Ins. Co.*, 732 N.E.2d 627, 631 (Ill. App. Ct. 2000) ("[W]hether the subject dwelling was vacant or unoccupied at the time of the loss is a question of fact."); *Cavin v. Charter Oak Fire Ins. Co.*, 384 N.E.2d 441, 443 (Ill. App. Ct. 1978) (holding fact issues existed

10

regarding whether insured's building was vacant and reversing summary judgment for the insurer where evidence showed that, at the time of loss, no tenants remained in the property, the property was furnished, the property was being renovated, and the insured was storing building materials in the dwelling); 6 Lee R. Russ & Thomas F. Segala, Couch on Insurance § 94:108 (3d ed. 1996) ("Whether or not insured premises have become vacant, unoccupied, or the like within the meaning of a forfeiture provision in an insurance policy is usually a question for the jury.").

Viewing all of the summary judgment evidence in the light most favorable to Columbia Lloyds, the nonmovant on the Maos' traditional motion for summary judgment on their breach of contact claim that was granted, a genuine issue of material fact exists concerning whether the dwelling was not vacant for more than sixty consecutive days prior to the fire. That is, viewing the summary judgment evidence in this light, reasonable and fair-minded people could differ in their conclusions on whether the dwelling was not vacant for sixty consecutive days prior to the fire. *See Wal-Mart Stores, Inc.*, 186 S.W.3d at 568. Based on the fact that no one lived in the dwelling; based on Orena's photos of the dwelling after the fire; based on the remodeler's proposal indicating repairs would be complete by July 12, 2006; and based on Vachana's statement to Romero when she reported the fire that the dwelling was vacant, a reasonable and fair-minded person could conclude that the dwelling was abandoned, deprived of contents, and empty, that is, without contents of substantial utility for more than sixty days

11

prior to the October 28, 2006 fire. Thus, the trial court erred by granting a traditional summary judgment for the Maos on their breach of contract claim.

We next address whether, viewing all of the summary evidence in the light most favorable to the Maos—the nonmovants on Columbia Lloyds's traditional motion for summary judgment on the Maos' breach of contract claim—the evidence conclusively establishes that the dwelling was vacant for more than sixty consecutive days prior to the fire. Viewing the summary judgment evidence in this light, reasonable and fair-minded people could differ in their conclusions on whether the dwelling was vacant for sixty consecutive days prior to the fire. Based on Vachana's testimony that the dwelling was being remodeled, based on the remodeler's testimony that he did not think he had completed the remodeling more than forty-five days prior to the fire, and based on Vachana's testimony that she was trying to sell the dwelling and was showing it weekly to potential buyers, a reasonable and fair-minded person could conclude that the dwelling was not abandoned, deprived of contents, and empty, that is, without contents of substantial utility for more than sixty days prior to the October 28, 2006 fire. *See Spates v. Republic Ins. Co.*, 756 S.W.2d 88, 91 (Tex. App.—San Antonio 1988, no writ) (holding fact question concerning date homeowners vacated the insured house precluded summary judgment for insurer based on vacancy clause).[3]

---

[3] *See also Walch v. USAA*, No. 02-01-00146-CV, 2002 WL 31628179, at *8 (Tex. App.—Fort Worth Nov. 21, 2002) (holding genuine issue of material fact existed concerning applicability of vacancy clause when unoccupied rental house was being renovated, contained appliances and building materials, utilities were

12

Thus, the trial court did not err by denying Columbia Lloyds's traditional motion for summary judgment on the Maos' breach of contract claim.

Because—viewing the summary judgment evidence in the light most favorable to Columbia Lloyds—a genuine issue of material fact exists on whether the dwelling was not vacant for sixty consecutive days prior to the fire, we sustain Columbia Lloyds's sole issue to the extent it seeks reversal of the summary judgment on the Maos' breach of contract claim.  Because—viewing the summary judgment evidence in the light most favorable to the Maos—a genuine issue of material fact exists on whether the dwelling was vacant for sixty consecutive days prior to the fire, we overrule Columbia Lloyds's sole issue to the extent it seeks reversal of the trial court's denial of its traditional motion for summary judgment on the Maos' breach of contract claim.  We will remand the Maos' breach of contract claim to the trial court.

### V.  NO REVERSAL OF SUMMARY JUDGMENT ON THE MAOS' EXTRACONTRACTUAL CLAIMS

Columbia Lloyds filed a combined no-evidence and traditional motion for summary judgment addressing each of the Maos' extracontractual claims.  The no-evidence portion of Columbia Lloyds's motion for summary judgment

on, and owner checked on house a couple times a week), *op. withdrawn on denial of reh'g*, 2003 WL 302220 (Tex. App.—Fort Worth Feb. 13, 2003, no pet.). Although the *Walch* opinion has been withdrawn and thus has no precedential value, we include it here because the Maos discuss it and attached a copy of the opinion to their brief.  *See Pearson v. K-Mart Corp.*, 755 S.W.2d 217, 219 (Tex. App.—Houston [1st Dist.] 1988, no writ) (discussing withdrawn supreme court opinion because both parties had referred to it in their briefs).

13

specifically sets forth the elements of each of the Maos' extracontractual claims: the breach of the duty of good faith and fair dealing claim, the DTPA and insurance code violation claims, and the common law fraud claim. Concerning the breach of the duty of good faith and fair dealing claim, Columbia Lloyds asserted that no evidence existed that Columbia Lloyds knew that its liability had become reasonably clear or that Columbia Lloyds had no reasonable basis to deny the Maos' claim. Concerning the DTPA and insurance code violation claims, Columbia Lloyds asserted that no evidence existed that it had "engaged in any unfair or deceptive act or practice in violation of Chapter 541, Subchapter B, of the Texas Insurance Code or § 17.46(b) of the Texas Business and Commerce Code." Concerning the common law fraud claim, Columbia Lloyds asserted that no evidence existed that it made a false representation to the Maos with the intent that the Maos rely on it.

In their third point, the Maos argue that the trial court erred when it granted summary judgment for Columbia Lloyds on the extracontractual claims. The Maos' brief challenges the trial court's summary judgment on their breach of the duty of good faith and fair dealing claim, arguing that summary judgment evidence exists that Columbia Lloyds did not conduct a reasonable investigation. The Maos do not, however, separately address their alleged DTPA and insurance code violation claims or their common law fraud claim.[4]

---

[4]The Maos' brief does not mention their fraud claim at all; their brief's only mention of their DTPA and insurance code claims is the following sentence, "The

14

On appeal, an appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). A broad issue challenging the propriety of a summary judgment is sufficient to place all grounds for summary judgment before the appellate court, but does not relieve the appellant of the burden to challenge in his brief each of the grounds on which for the summary judgment could have been granted and to present argument and authorities for each possible basis for summary judgment. *See, e.g., Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 502–03 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 958 (Tex. App.—Corpus Christi 1998, no pet.).

Here, the Maos raise a general point on appeal that the trial court erred by granting summary judgment for Columbia Lloyds on all of its extracontractual claims, but—with the exception of their claim for breach of the duty of good faith and fair dealing—the Maos' brief does not address each extracontractual claim separately nor point to specific summary judgment evidence constituting more than a scintilla of evidence on the specific element of each extracontractual claim challenged by Columbia Lloyds in the no-evidence portion of its motion for summary judgment. *See Worldwide Asset Purchasing L.L.C. v. Rent-A-Center*

---

crux of Plaintiff's extra-contractual claims (breach of duty of good faith and fair dealing, Insurance Code/DTPA) go to whether or not Defendant conducted a *reasonable* investigation of the claim."

15

*East, Inc.*, 290 S.W.3d 554, 569 (Tex. App—Dallas 2009, no pet.). Accordingly, because on appeal the Maos do not challenge the specific no-evidence grounds on which the trial court could have granted summary judgment for Columbia Lloyds on the Maos' DTPA and insurance code violation claims and common law fraud claim, we are required to affirm the summary judgments on those claims. *See, e.g., Rangel v. Progressive County Mut. Ins. Co.*, No. 08-09-00138-CV, 2010 WL 3312624, at *4 (Tex. App.—El Paso Aug. 24, 2010, pet. denied); *Juarez v. Longoria*, 303 S.W.3d 329, 330 (Tex. App.—El Paso 2009, no pet.).

We next address the Maos' challenge to the trial court's summary judgment for Columbia Lloyds on the Maos' breach of the duty of good faith and fair dealing claim. As previously mentioned, the Maos argue on appeal that more than a scintilla of summary judgment evidence exists on this claim because reasonable and fair-minded people could differ in their conclusions on whether Columbia Lloyds performed a reasonable investigation. The Maos argue that Columbia Lloyds's conduct after its initial denial letter was "pretextual" to retroactively support its unreasonable investigation and denial.

An insurer breaches its duty of good faith and fair dealing by denying or delaying a claim when the insurer's liability has become reasonably clear. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (citing *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997)). The focus is not on whether an insured's claim was valid, but on the reasonableness of the insurer's conduct in rejecting the claim. *See Lyons v. Millers Cas. Ins. Co.*, 866

16

S.W.2d 597, 601 (Tex. 1993). Evidence of coverage, standing alone, will not constitute evidence of bad faith denial. *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 194 (Tex. 1998). Evidence showing only a bona fide coverage dispute does not rise to the level of bad faith. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Dominguez*, 873 S.W.2d 373, 376 (Tex. 1994). Nor is bad faith established when a trier of fact, using hindsight, decides the insurer was simply wrong about the proper construction of the terms of the policy. *See Lyons*, 866 S.W.2d at 601. As long as an insurer has a reasonable basis to deny payment of a claim, even if that basis is eventually determined to be erroneous, the insurer is not liable for the tort of bad faith. *Id.* at 600. But insurers do have a duty to conduct a reasonable investigation of a claim and cannot insulate themselves from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial. *Simmons*, 963 S.W.2d at 44. To withstand a no-evidence motion for summary judgment, a plaintiff in a bad faith case must present evidence that the insurer failed to attempt a prompt, fair settlement when the insurer's liability has become reasonably clear. *See Giles*, 950 S.W.2d at 55.

The Maos argue that remodeling was taking place in the dwelling prior to the fire and that had Romero performed a reasonable investigation, she would have discovered evidence that Leos was working on the home during the sixty days prior to the fire. The Maos argue that "Columbia Lloyds conducted little or no investigation prior to the November 10, 2006 denial." And finally, the Maos argue that the action taken by Columbia Lloyds after its November 10, 2006

initial denial letter was "clearly done as a pretext to back-up Columbia Lloyd[s]'s denial, including Ms. Romero's computer research and the EUO taken of the Maos."

To the extent that the Maos implicitly argue that Romero should have investigated the case herself, case law has held that an insurer can use information gathered by another party to fulfill its duty to conduct an investigation. *See Pioneer Chlor Alkali Co. v. Royal Indem. Co.*, 879 S.W.2d 920, 941 (Tex. App.—Houston [14th Dist.] 1994, no writ) (holding that insurer conducted reasonable investigation by utilizing information gathered by its insured and therefore did not breach its duty of good faith and fair dealing). To the extent that the Maos argue that Romero's investigation was insufficient, inadequate, or pretextual, the summary judgment evidence establishes that she relied on the adjuster's photos and report, which revealed that there was nothing in the actual dwelling, as well as Vachana's representation that the dwelling was vacant when she reported the claim. Viewing the summary judgment evidence in the light most favorable to the Maos, no summary judgment evidence exists that Orena's report was not objectively prepared. *See State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448–50 (Tex. 1997) (recognizing evidence casting doubt on reliability of expert's report may support bad faith). No summary judgment evidence exists that it was unreasonable for Romero to rely on Orena's investigation and report. *Cf. Lyons*, 866 S.W.2d at 601 (recognizing insurer's reliance on report will not automatically shield insurer from bad faith finding when

18

evidence exists that report was not objectively prepared or insurer's reliance on report was unreasonable). No summary judgment evidence exists that Vachana did not tell Romero when she reported the fire that the dwelling was vacant. No summary judgment evidence exists that Columbia Lloyds conducted no investigation. No summary judgment evidence exists that Columbia Lloyds ignored certain information it possessed at the time of the denials or that the information it possessed was unreliable. *See Castaneda*, 988 S.W.2d at 197–98 (recognizing no evidence existed of pretextual denial of claim because no evidence existed that insurer ignored information that would lead a reasonable person to conclude that liability under the policy was reasonably clear or that there was no reasonable basis to deny the claim); *Simmons*, 963 S.W.2d at 47 (recognizing insurer repeatedly ignored evidence that its insureds did not burn down their home, resulting in outcome-oriented investigation); *see also Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 470 (Tex. App.—Austin 2009, pet. denied) (recognizing insurer was entitled to summary judgment on insured's DTPA and insurance code claims and on breach of duty of good faith and fair dealing claim when no evidence existed that inspector's reports were not objectively prepared or that insurer's reliance on reports was unreasonable); *USAA v. Croft*, 175 S.W.3d 457, 471 (Tex. App.—Dallas 2005, no pet.) (recognizing legally insufficient evidence existed to support bad faith finding when insurer relied upon engineer's report and no evidence

19

existed that report was not objectively prepared or that insurer's reliance on report was unreasonable).

Viewing all of the summary judgment evidence in the light most favorable to the Maos, no summary judgment evidence exists that Columbia Lloyds denied the Maos' claim when its liability had become reasonably clear or that Columbia Lloyds had no reasonable basis for denying the Maos' claim. The trial court did not err by granting Columbia Lloyds's no-evidence motion for summary judgment on the Maos' breach of the duty of good faith and fair dealing claim.

We overrule the Maos' third point.

### VI. PPCA CLAIMS MUST BE REMANDED

In their first point, the Maos argue that the trial court erred by granting summary judgment for Columbia Lloyds on their claim for Columbia Lloyds's violation of the PPCA. Because, as set forth above, we must remand the Maos' breach of contract claim to the trial court, we also reverse the trial court's grant of summary judgment to Columbia Lloyds on the Maos' PPCA claim and remand that claim to the trial court. *See Spicewood Summit Office Condos. Ass'n*, 287 S.W.3d at 471 (remanding insured's PPCA claim because insured's breach of contract claim was reversed and remanded); *Cater v. USAA*, 27 S.W.3d 81, 84 (Tex. App.—San Antonio 2000, pet. denied) (holding that an insurance company's good faith defense does not relieve the insurer from liability for damages for late payment, as long as the insurer is finally found liable for the claim); *see also State Farm Lloyds v. Page,* 315 S.W.3d 525, 531 (Tex. 2010)

20

(recognizing that liability under the PPCA is premised on a finding of policy coverage); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997) (interpreting article 21.55 and its predecessor to conclude that an insurer's good faith defense did not relieve the insurer of liability for damages for late payment, as long as the insurer is ultimately found liable for the claim). We sustain the Maos' first point.

## VII. REQUEST FOR ATTORNEY'S FEES MUST BE REMANDED

In their second point, the Maos argue that the trial court erred when it determined that they were not entitled to attorney's fees. Because the Maos requested attorney's fees based on their claims for breach of contract and for violations of the PPCA and because we are reversing and remanding those claims, we also remand the issue of attorney's fees to the trial court for further consideration. *See Spicewood Summit Office Condos. Ass'n*, 287 S.W.3d at 471 (reversing and remanding the insured's attorney's fees in addition to its PPCA and breach of contract claims).

## VIII. CONCLUSION

Having disposed of all issues and points presented in both appeals, we reverse the trial court's judgment with respect to the Maos' claims for breach of contract, penalties under the PPCA, and attorney's fees and remand for further proceedings consistent with this opinion; we affirm the trial court's judgment with respect to the Maos' extracontractual claims.

SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  March 24, 2011

22